Edward T. WATKINS, Appellant,

v.

G.P. PEARSON and C.L. Crawley, Jr., Appellees.

No. C14–89–909–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 2, 1990.

Rehearing Denied Sept. 13, 1990.

Xavier E. Grenas, Houston, for appellant.

Tom Alexander, Robert W. Musemeche, C.L. Crawley, Jr., Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and JUNELL, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment in favor of appellees. Appellant filed a petition for a bill of review which the trial court found meritless. The court also imposed sanctions of $120,000. Appellant brings three points of error alleging: (1) refusal of the trial court to recuse himself or refer the case to the presiding judge was abuse of discretion as a matter of law; (2) ruling on the motion for summary judgment and motion for sanctions was abuse of discretion; and, (3) sanctions were imposed without allowing the withdrawal or amendment of pleadings; and no particular grounds are set forth in the order imposing the sanctions. We affirm in part and reverse and render in part.

This case is fallout from a 1985 Harris County divorce action in which appellant was respondent, appellee Pearson was court-appointed receiver, and appellee Crawley was an employee of the law firm which represented the receiver. The record includes a court order for payment of professional fees entered contemporaneously with the final decree of divorce. The receiver and his counsel received fees of $40,000 and $12,000, respectively. Appellant filed a petition for a bill of review on January 19, 1989, alleging the fees paid were fraudulently and deceptively claimed by the receiver and his attorneys for services they never rendered.

Both appellees filed motions for summary judgment and for sanctions against appellant. The court rendered the following final judgment which was signed June 27, 1989:

On this day came on to be heard Defendant, G.P. Pearson's Motion for Summary Judgment and Sanctions, and Defendant, C.L. Crawley, Jr.'s Motion for Summary Judgment and Motion for Sanctions and the Court having reviewed the Motions, and having determined that this matter had been properly set by Order of this Court for this date on May 26, 1989, and that proper notice of this hearing had been given to all counsel of record pursuant to the Texas Rules of Civil Procedure, and having heard oral argument of counsel of record for parties concerning the same, is of the opinion that the Motions are meritorious and that Defendants, G.P. Pearson and C.L. Crawley, Jr. are entitled to Summary Judgment as a matter of law. The Court is also of the opinion that the Motion to Recuse, filed by Edward T. Watkins on June 26, 1989, was not timely filed, does not meet the requirements of Rule 18a of the Texas Rules of Civil Procedure, and

was brought soley [sic] for the purpose of delay and without sufficient cause, and thus, is denied. It is therefore;

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment of Defendants, G.P. Pearson and C.L. Crawley be in all respects GRANTED. It is further,

ORDERED, ADJUDGED AND DE-CREED that Plaintiff take nothing against Defendants, G.P. Pearson and C.L. Crawley. It is further,

ORDERED, ADJUDGED AND DE-CREED that Defendants, G.P. Pearson and C.L. Crawley, recover costs and charges incurred in defense of this lawsuit. It is further,

ORDERED, ADJUDGED AND DE-CREED that for good cause being shown, monetary sanctions are hereby imposed against Plaintiff Edward T. Watkins, and his attorney Mr. Xavier E. Grenas, pursuant to Rule 13 of the Texas Rules of Civil Procedure, by Judgment in the amount of sixty thousand dollars [$60,000] in favor of G.P. Pearson, of which thirty thousand dollars [$30,000] is to be paid by Edward T. Watkins, and thirty thousand dollars [$30,000] to be paid by Xavier E. Grenas; and by judgment in the amount of sixty thousand dollars [$60,000] in favor of C.L. Crawley, Jr. against Edward T. Watkins and Xavier E. Grenas, of which thirty thousand dollars [$30,000] is to be paid by Edward T. Watkins, and thirty thousand dollars [$30,000] to be paid by Xavier Grenas, all of which execution shall issue forthwith. It is further,

ORDERED, ADJUDGED AND DE-CREED that no other actions OTHER THAN AN APPEAL of this Final Judgment are to be filed by or on behalf of Edward T. Watkins, or by Xavier E. Grenas concerning or relating to the parties involved in, or the underlying facts surrounding the divorce of Edward T. Watkins in cause No. 84–27133, all such matters having been fully adjudicated.

Attorney Grenas does not appeal the sanctions imposed upon him by the trial court. Mr. Grenas is counsel for appellant Watkins in this appeal.

Appellant would have this court reverse the summary judgment and sanctions and remand this case to the trial court for the purpose of either recusal or referral of the matter to the presiding judge of the administrative judicial district in accordance with TEX.R.CIV.P. 18a(d).

The first point of error complains that the trial judge abused his discretion as a matter of law by failing to recuse himself or refer the case to another judge when appellant presented his motion to recuse. The rule for recusal of trial court judges reads in part as follows:

At least ten days before the date set for trial or other hearing in any court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. The grounds may include any disability for the judge to sit in the case. The motion shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit. The motion shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated.

TEX.R.CIV.P. 18a(a).

 The judgment of the trial court states that the motion for recusal was filed one day before the hearing of appellees' motion for summary judgment. Its filing is obviously not timely under the rules.[1] The motion to recuse is not part of the appellate record. We therefore must assume the omitted document supports the correctness of the trial court's judgment. *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1988, no writ). As to the recusal issue brought up in the motion, the trial court disregarded it for other specified rea-

---

**1.** Appellant's first point of error could be over-ruled on this basis alone.

sons besides the untimeliness of its filing. However, the provisions of Rule 18a requiring a trial judge to either recuse himself or refer the motion to another judge never come into play if the motion is not timely filed. *Pettit v. Laware,* 715 S.W.2d 688 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e). Appellant's point of error number one is overruled.

■ Appellant's second point of error complains no good cause existed for the trial judge to proceed to its ruling on the motions for summary judgment and sanctions. Appellant asserts that TEX.R.CIV.P. 18a(d) compels any judge presented with a motion for recusal to take no further action prior to a hearing on the motion, unless good cause is stated in the order in which further action is taken. Appellant declares the order of the court below is void and characterizes the trial court's action in ruling on the motions leading to judgment as abuse of discretion. We find no indication of an arbitrary or unreasonable act. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985). The face of the judgment shows that, after consideration, the motion for recusal was found to be untimely filed, not in conformity with the rules, and brought without sufficient cause and solely for the purpose of delay. As stated earlier, the appellate record lacks the motion for recusal. But the record does contain substantial information which could support the judge's conclusions as to delay, and his finding that such delay is "good cause" for proceeding with the motions for summary judgment and sanctions. See: TEX.R.CIV.P. 18a(d). We see no abuse of discretion. The judgment is therefore viable. Appellant's second point of error is overruled.

■ The gist of appellant's point of error number three is that the order for sanctions is void because it fails to meet requirements of TEX.R.CIV.P. 13 in two respects: (1) it lacks a statement setting forth with "requisite particularity the rea-

soning for the imposition of the sanctions"[2] is presented in the order; and (2) the order does not allow appellant to withdraw or amend the "pleading, motion or other paper, or offending portion thereof to the satisfaction of the court" as stated in the rule. The order does indicate the sanctions were "for good cause being shown", and does state in an earlier section that the motion to recuse (which is not in the record) was filed solely for the purpose of delay and without sufficient cause. However, there is no indication that the Motion to Recuse served to establish good cause for imposing the sanctions here. Nor is it possible to connect the Motion to Recuse with the motion for sanctions (filed as part of the motion for summary judgment). This latter is obviously true because the Motion to Recuse was filed and presented to the court after the motion for summary judgment was filed and set for hearing. A mere recitation that "good cause being shown" does not satisfy the rule or the inquiry of this Court.

■ We hold the order for sanctions is erroneous for three reasons. First, there is insufficient particularity in the order to satisfy the requirements of Rule 13. The offensive acts of appellant or counsel are not clearly pointed out. The trial court obscured its reasoning and the situation has not been adequately presented to us. *Cf. Powers v. Palacios,* 771 S.W.2d 716, 719 (Tex.App.—Corpus Christi 1989, writ denied). (Where absence of a recital of facts constituting good cause was harmless error under TEX.R.APP.P. 81(b)(1)). Rule 13 does not put the burden on the court to notify appellant of his right to withdraw or amend his pleadings, *Cloughly v. NBC Bank–Seguin, N.A.,* 773 S.W.2d 652 (Tex. App.—San Antonio 1989, writ denied). However, the rule inherently makes it incumbent upon the trial court to point out with sufficient particularity the offensive acts so that remedial action may be taken by the party or his counsel.[3] Second, the

---

**2.** This quotation is from appellant's brief. Rule 13 actually reads, "No sanctions under this rule may be imposed except for good cause, the

particulars of which must be stated in the sanction order."

**3.** "The court may not impose sanctions for violation of this rule if, before the 90th day after

court ordered appellant to refrain from filing any documents which would serve to withdraw or amend his pleadings to the satisfaction of the court, thus denying appellant the relief permitted by Rule 13. Third, the magnitude of the sanctions does not seem to fit within any of the eight remedies listed in TEX.R.CIV.P. 215–2b which are allowable under Rule 13. Rule 215–2b does in fact state that the eight remedies are "among others", but those quoted words are in the same sentence which requires notice and hearing before any such imposition.

Appellant's third point of error is sustained.

 In oral argument upon submission of this appeal, appellant's attorney, Grenas, argued that the appeal by appellant Watkins gives this court jurisdiction to reverse the sanction judgment as to Grenas himself. He cites no authority to support his argument that he need not appeal on his own behalf. The only argument he makes is that the judgment is void and therefore a reversal of the judgment as to Watkins would also require a reversal as to Grenas. While we are ruling that the sanction judgment is erroneous, we do not hold that it is void. We also hold that reversal of the sanction judgment against Watkins does *not* require a reversal of the sanction judgment against Grenas. Sanctions under Rule 13 can be assessed against a party or his counsel. The sanctions here are not necessarily either derivative or collective. Because Grenas did not perfect an appeal of the sanction judgment against him, we affirm that part of the judgment and reverse the sanction judgment against Watkins and render judgment in favor of Watkins with respect thereto. The summary judgment against Watkins with respect to the bill of review itself is affirmed.

the court makes a determination of such violation or prior to the expiration of the trial court's plenary power, whichever first occurs, the offending party withdraws or amends the pleading, motion, or other paper, or offending portion thereof to the satisfaction of the court."

The judgment of the trial court is affirmed in part and reversed and rendered in part.

MURPHY, J., not participating.

[We note that a modification to Rule 13, effective September 1, 1990, eliminates this 90–day "grace" period.]