Kenneth R. MOORE, Relator,

v.

The Honorable Sharolyn WOOD, Judge of the 127th District Court of Harris County, Texas, Respondent.

No. 01–91–00266–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 2, 1991.

Barbara Pusch, Ronald Tucker, Houston, for relator.

Charles E. Herd, Thomas C. Fitzhugh, Robert M. Roach, Houston, for respondent.

Before SAM BASS, DUNN and HUGHES, JJ.

OPINION

SAM BASS, Justice.

Relator, Kenneth R. Moore, seeks mandamus relief from respondent Judge Sharolyn Wood's March 18, 1991, order, which directs relator to present himself at the office of Rehabilitation Resources, Inc. so that a vocational rehabilitation interview and assessment can be conducted by Mr. William L. Quintanilla.

Relator sued the real parties in interest, Dixilyn–Field Drilling Company (Dixilyn), Benton Casing Service, Inc., and Neumin Production Company for personal injuries allegedly sustained on September 10, 1986, while he was employed as a toolpusher and crew member of a jackup rig located offshore Texas.[1] The defendants moved to require the plaintiff to submit to a vocational rehabilitation interview and evaluation by Quintanilla, a vocational rehabilitation specialist. They contended that the plaintiff's ability to obtain and perform suitable employment was in controversy, and that Quintanilla was well qualified to assess and determine the capabilities of the plaintiff with regard to present and future employment. The plaintiff filed a response opposing Quintanilla's interview and evaluation, arguing that (1) Tex.R.Civ.P. 166b and 167a allow the court to appoint a physician, not a rehabilitation specialist, and (2) no good cause exists for such interview and evaluation because the plaintiff has testified by deposition about such matters as Quintanilla would question him.

After a hearing, Judge Wood granted the defendants' motion, and provided in the order that Quintanilla could inquire of the plaintiff any issues customarily or routinely inquired about in performing a vocational rehabilitation evaluation, that Quintanilla could conduct such noninvasive tests as are customary and reasonable in performing such an evaluation, and that the plaintiff's representative could be present during the interview and testing, provided such attendance did not disrupt the proceedings. The order also allowed the plaintiff's attorney to take Quintanilla's deposition before any interview of the plaintiff and to receive a timely copy of Quintanilla's report from the defendants.

Relator reurges the same arguments in his petition for writ of mandamus to prevent the vocational rehabilitation interview and assessment that he presented to the trial court. Dixilyn has filed a response, contending that (1) relator failed to preserve his arguments because he did not assert them at the hearing on the motion, (2) no rule expressly prohibits Judge Wood's order, and (3) relator has failed to demonstrate he has no adequate remedy by appeal.

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Mandamus relief is also available to set aside a void order of the trial court. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973); *Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 689 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). The question before us is whether Judge Wood has the authority to order relator to submit to a vocational rehabilitation interview and assessment.

■ We begin by addressing Dixilyn's contention that relator failed to preserve his argument that Judge Wood's order was not authorized by the Texas Rules of Civil Procedure. Relator made this argument in his response to Dixilyn's motion, and a copy of that response is in the record before us. Nothing in *Shafer v. Bedard*, 761 S.W.2d 126, 129 (Tex.App.—Dallas 1988, orig. proceeding), cited by Dixilyn, which concerned judicial admission of a fact, indicates that such manner of preservation is inadequate either in an appeal or in a man-

1. *Moore v. Dixilyn–Field Drilling Co., et al.*, No. 88–043026 (Dist.Ct. of Harris County, 127th District of Texas).

damus proceeding. Dixilyn's contention is without merit.

■ In determining whether the Texas Rules of Civil Procedure permit a trial court to order the testing and evaluation of a plaintiff by a vocational rehabilitation specialist where one of the issues in the case is damages for lost future wages, it is necessary for us to construe TEX.R.CIV.P. 166b(1), (2)(a) and 167a(a). In construing such rules, we are mindful that they have the same force and effect as statutes. *Missouri Pac.R.R. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973). Therefore, we apply the same rules of construction to them as we do to statutes. *Hidalgo, Chambers & Co. v. Federal Deposit Ins. Corp.*, 790 S.W.2d 700, 702 (Tex.App.—Waco 1990, writ denied). While the rules are to be liberally construed to ensure a fair and equitable adjudication of the rights of the litigants, their plain meaning cannot be ignored. *Heard v. Heard*, 305 S.W.2d 231, 235 (Tex. Civ.App.—Galveston 1957, writ ref'd). When a court interprets a statute, it must give effect to all the words of a statute and not treat any statutory language as surplusage if possible. *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987); *see also City of Houston v. Morgan Guar. Int'l Bank*, 666 S.W.2d 524, 529 (Tex.App. —Houston [1st Dist.] 1983, writ ref'd n.r. e.), *cert. denied*, 469 U.S. 1213, 105 S.Ct. 1185, 84 L.Ed.2d 332 (1985).

Rule 166b of the Texas Rules of Civil Procedure distinguishes forms of discovery from the scope of discovery. We find the language of rule 166b(2)(a) plainly means the *scope* of discovery is expansive:

> Parties may obtain discovery regarding *any matter which is relevant to the subject matter* in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not ground for objection that the information sought will be inadmissible at the trial *if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*

TEX.R.CIV.P. 166b(2)(a) (emphasis added). It is in connection with the *scope* of discovery that the Texas Supreme Court has stated:

> [W]e note that the ultimate purpose of discovery is to seek the truth, so that *disputes may be decided by what the facts reveal, not by what facts are concealed. For this reason, discovery is not limited to information that will be admissible at trial.* To increase the likelihood that all relevant evidence will be disclosed and brought before the trier of fact, the law circumscribes a significantly larger class of discoverable evidence to include anything reasonably calculated to lead to the discovery of material evidence. *Allen v. Humphreys*, 559 S.W.2d 798, 803 (Tex.1977); Tex.R.Civ.P. 166b(2). This broad grant is limited, however, by the legitimate interests of the opposing party, for example, to avoid overly-broad requests, harassment, or disclosure of privileged information.

*Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984) (some citations omitted) (emphasis added).

We find the language of rule 166b(1) plainly means the *form* of discovery, unlike the scope, is limited.

> Permissible forms of discovery *are* (a) oral or written depositions of any party or non-party, (b) written interrogatories to a party, (c) requests of a party for admission of facts and the genuineness or identity of documents or things, (d) requests and motions for production, examination, and copying of documents or other tangible materials, (e) requests and motions for entry upon and examination of real property, and (f) motions for a mental or physical examination of a party or person under the legal control of a party.

TEX.R.CIV.P. 166b(1) (emphasis added). Dixilyn concedes that there is no specific rule expressly permitting one party to conduct a vocational rehabilitation interview of another party. However, if as Dixilyn suggests, rule 166b permits full discovery of any claim or defense of any party, including involuntary submission of the plaintiff to examination by a vocational rehabilitation specialist, then no effect would be giv-

**624**

en to the language of rule 166b(1), which sets forth the specific, *permissible* forms of discovery.

The only way in which a party may be interviewed face to face by experts at the behest of the other party under rule 166b(1) is by mental or physical examination. The mental or physical examination must comply with the provisions of TEX.R. CIV.P. 167a(a). Prior to the 1990 amendment, rule 167a provided that a party could be compelled to submit to a physical or mental examination by a *physician*. In *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex.1988), the supreme court held that a psychologist was not a physician and, therefore, a plaintiff could not be compelled to submit to a mental examination conducted by a psychologist. *Id.* Rule 166b(1), like rule 167a(a), should also be strictly construed.

We mention rule 167a for another reason. The defendants' motion to have relator submit to a vocational rehabilitation interview stated that its purpose was to determine "the *effects of the plaintiff's disabilities, if any,* his background, interests, education, etc." (Emphasis added.) Quintanilla's letter to relator's attorney further described the interview process:

> The initial vocational rehabilitation interview will require approximately 2 to 3 hours of time. During this session, I will interview your client concerning his educational, vocational, *medical* and social history.... Vocational testing will also be administered to measure your client's *general intelligence,* his academic achievement, as well as his vocational likes and dislikes.

(Emphasis added.) Some of the areas to be covered in the vocational rehabilitation interview are the same as those usually covered in a physical or mental examination. However, under rule 167a and the reasoning in *Coates*, a plaintiff can be compelled to submit to a physical or mental examination only if conducted by a doctor or a psychologist (assuming the other criteria of rule 167a are met). It is undisputed that Quintanilla is neither a doctor nor a psychologist.

While we acknowledge that a vocational rehabilitation interview and assessment might benefit both the plaintiff and the defendants, and that Judge Wood has tried to insure that the testing will be noninvasive and will not be used as an opportunity to obtain damaging admissions from relator, the fact remains that an involuntary vocational rehabilitation interview and assessment of the plaintiff is not permitted by the Texas Rules of Civil Procedure. Therefore, we hold that Judge Wood has no authority to order such an interview and assessment.

Accordingly, we conditionally grant the petition for writ of mandamus, and order Judge Wood to rescind that portion of her March 18, 1991, order that requires relator to submit to a vocational rehabilitation interview and assessment conducted by William L. Quintanilla at the office of Rehabilitation Resources, Inc. We are confident that Judge Wood will act in accordance with this opinion. The writ will issue only in the event she fails to comply.