**Burton KAHN d/b/a Gillett Construction Company, Relator,**

**v.**

**The Honorable Carolyn GARCIA, Judge of the 151st District Court of Harris County, Texas, Respondent.**

**No. 01–91–00716–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 12, 1991.

**132**

Howard M. Kahn, Houston, for relator.

George W. Kuhn, Jr., Andrea J. Gerber, Houston, for respondent.

Before WILSON, SAM BASS and O'CONNOR, JJ.

## OPINION

WILSON, Justice.

In this original proceeding, relator, Burton Kahn d/b/a Gillett Construction Company, requests this Court to order respondent, Judge Carolyn Garcia, to vacate an order imposing sanctions. The order signed by respondent states that the court considered defendants' motions for sanctions under rules 13 and 215 of the Texas Rules of Civil Procedure and concluded that the motions for sanctions were "meritorious." The order recites, in pertinent part:

It is therefore

ORDERED that the Plaintiff/Counter-Defendant, BURTON KAHN D/B/A GILLETT CONSTRUCTION CO., shall not be allowed to file or present, directly or indirectly, any further motions in this cause, other than responding to motions filed by one or more the defendants herein. It is further

ORDERED that all allegations in the Ninth Amended Original Petition of the Plaintiff, BURTON KAHN D/B/A GILLETT CONSTRUCTION CO., as regards National Convenience Stores Incorporated and Fifth NCS Realty Company, inconsistent with or contrary to the Agreed Interlocutory Summary Judgment signed in this cause of March 29, 1988, are hereby STRICKEN in their entirety. It is further

ORDERED that Plaintiff, BURTON KAHN D/B/A GILLETT CONSTRUCTION CO., shall be allowed, and is hereby ORDERED, to amend his Ninth Amended Original Petition only to the extent necessary and required to respond to Defendants' special exceptions thereto, in conformity with the orders contained herein, so as to be consistent with the Agreed Interlocutory Summary Judgment signed on March 29, 1988, and that such amendments shall be made and filed with this Court, and served on opposing counsel, not later than July 3, 1991. It is further

ORDERED that, except for or other than the service of witness subpoenas in this cause, the Plaintiff, BURTON KAHN D/B/A GILLETT CONSTRUCTION CO., shall not, directly or indirectly, through his counsel, counsel's employees and representatives, or otherwise, contact or communicate with, in writing or orally, any agent, employee or representative of any Defendant in this cause or an entity related to Defendants in this cause, other than Defendants' attorneys of record. It is further

ORDERED that the Pre–Trial Order for Plaintiff shall be filed in this cause and served on opposing counsel by June 3, 1991, and that Plaintiff cannot thereafter amend his Pre–Trial Order....

■ This Court has the power to issue a writ of mandamus when a relator demon-

strates a clear right to the relief sought and no adequate remedy by law. *Moore v. Wood*, 809 S.W.2d 621, 622 (Tex.App.— Houston [1st Dist.] 1991, orig. proceeding); TEX.GOV'T CODE ANN. § 22.221(b) (Vernon 1988). A clear right to the relief sought may exist where the trial court has exceeded the bounds of discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The question presented for our consideration is whether respondent's order imposing sanctions was a clear abuse of discretion that does not afford relator an adequate remedy by way of appeal.

■ We hold that respondent clearly abused her discretion in entering the order imposing sanctions. First, the order fails to meet the requirements of Texas Rule of Civil Procedure 13. The rule provides:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanctions [sic] available under Rule 215–2b, upon the person who signed it, a represented party, or both....

... No sanctions under this rule may be imposed except for good cause, *the particulars of which must be stated in the sanction order....*

TEX.R.CIV.P. 13 (emphasis added).

Rule 13 imposes a duty on the trial court to point out with particularity the acts or omissions on which sanctions are based.

*Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Thus, an order imposing sanctions for pleadings, motions, and other papers under rule 13 differs markedly from an order imposing sanctions for discovery abuse under rule 215. Rule 215 does not require a court to designate the particulars amounting to "good cause." While respondent's order states that the motions for sanctions are "meritorious," the order contains no specific mention of what conduct on the part of relator was good cause for imposition of sanctions.

Next, we must consider whether respondent clearly abused her discretion in forbidding relator to "file or present, directly or indirectly, any further motions in this cause...." Rule 13 authorizes a court to utilize sanctions available under rule 215(2)(b). The enumerated sanctions under rule 215(2)(b) do not provide for an order that precludes a party from filing motions with the court. The rule states; however, that the court may "make such orders in regard to the failure as are just...."

A party who is ordered to refrain from filing motions with the court regarding a pending cause of action is effectively denied means to communicate with the court.[1] Rule 21 requires that all pleadings, pleas, motions, and applications, whether in the form of motions or otherwise, must either be filed with the clerk of the court or presented to the court during a hearing or trial. TEX.R.CIV.P. 21. The Rules of Civil Procedure do not provide any other method for a party to apprise a court of vital information or make requests in support of the party's position. The practical effect of a sanction that forbids a party to file motions with the court is that a litigant's

---

1. The Texas Disciplinary Rules of Professional Conduct prohibit a lawyer from communicating ex parte with a tribunal for the purpose of influencing the court concerning a pending matter. The lawyer may only have contact with the court (1) in the course of official proceedings in the cause; (2) in writing, if opposing counsel is promptly delivered a copy of the writing; or (3) orally, if opposing counsel is given adequate notice. SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 3.05 (1989) (located in the pocket part for Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government Code).

The Code of Judicial Conduct provides: "A judge, except as authorized by law, shall not directly or indirectly initiate, permit, nor consider *ex parte* or other communications concerning the merits of a pending or impending judicial proceeding...." TEXAS SUPREME COURT, CODE OF JUDICIAL CONDUCT, Canon 3, pt. A (1974).

cause of action is restricted in a manner that is arbitrary and unreasonable. Imposition of such a sanction in derogation of a clearly established legal right cannot be "just." *See, e.g., Rainwater v. Haddox,* 544 S.W.2d 729, 733 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.) (sanction that denied counsel opportunity to participate in hearing on damages following sanction of judgment by default was not just in that it was in derogation of a clearly established legal right).

If relator cannot file any further motions in his cause of action, he will also be precluded from an adequate remedy by way of appeal. For example, rule 320 provides that a new trial may be granted "on motion." Rule 324(b) expressly states that a motion for new trial is *required* as a prerequisite to certain complaints on appeal. Respondent's order would effectively preclude relator from an appeal on the merits of his case. *Lehtonen v. Clarke,* 784 S.W.2d 945, 947–48 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

We are unable to discern what sanctions were imposed by Judge Garcia for discovery abuse versus those sanctions imposed for filing of pleadings, motions, and other papers. Thus, we cannot dissect the order into separate components that would uphold those parts that impose sanctions under rule 215 and order her to vacate the sanctions imposed under rule 13. The order, in its entirety, must be vacated.

We, therefore, grant the motion for leave to file petition for writ of mandamus; file the petition; and conditionally grant the writ of mandamus to order Judge Garcia to vacate her order imposing sanctions. We are confident that Judge Garcia will comply with the order of this Court. The writ of mandamus shall issue only if she fails to do so.