**Mitch ZARSKY, d/b/a Zarsky Industries and John K. George, Appellants,**

*v.*

**ZURICH MANAGEMENT, INC., and Carter Bliss, and John T. Bowles, Appellees.**

**No. B14–91–00710–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 30, 1992.

John K. George, Houston, for appellant.

Carter Bliss, John T. Bowles, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from an order imposing sanctions against appellants Mitch Zarsky, d/b/a Zarsky Industries, and John K. George, attorney for Zarsky, pursuant to TEX.R.CIV.P. 13. Because the trial court abused its discretion by failing to point out with particularity the acts or omissions on which sanctions were based, the judgment is reversed and remanded for proceedings consistent with this opinion.

Appellant Zarsky sued appellee Zurich Management, Inc., on a sworn account for air-conditioning services rendered. Zurich counterclaimed for breach of contract, misrepresentations, and breach of warranties under the Texas Deceptive Trade Practices Act. Zurich later amended its counterclaim to include allegations of fraud and negligence. In response, Zarsky obtained leave of court to file a third party petition impleading appellees Carter Bliss and John T. Bowles, among others, for contribution on the negligence claim. Bliss answered and sought Rule 13 sanctions against Zarsky and attorney John K. George.

A jury found against Zarsky on its claim and for Zurich on its counterclaim. The jury also failed to find for Zarsky on its contribution claim against Bliss and Bowles.

After judgment, Bliss and Bowles filed motions for sanctions, alleging that the third party petition had been filed maliciously and in bad faith, that it was frivolous, and that it was brought solely for the purpose of harassment. After a hearing on the motions, the trial court imposed sanctions in the amount of $4,500, 75% to be paid by Zarsky and 25% to be paid by its attorney, John K. George.

■ In his sole point of error, appellant John K. George contends that the trial court abused its discretion by failing to

point out in its order a sufficiently good cause for the imposition of sanctions. A trial court's decision to impose sanctions under TEX.R.CIV.P. 13 will not be overruled on appeal unless an abuse of discretion is shown. *Cloughly v. NBC Bank–Seguin, N.A.,* 773 S.W.2d 652, 656 (Tex.App.—San Antonio 1989, no writ); *Notgrass v. Equilease Corp.,* 666 S.W.2d 635, 638 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

TEX.R.CIV.P. 13 provides that if a court finds that a claim is groundless and brought in bad faith or for the purpose of harassment, it may, for good cause, impose sanctions available under TEX.R.CIV.P. 215–2 b, "the particulars of which must be stated in the sanction order." Here, the order signed by the trial judge recites in relevant part:

> The Court heard argument of Counsel in open Court, and it appeared right, just and legal that/and *this Court finds substantial evidence that this Third Party lawsuit* which was filed against Carter Bliss and the other Third Party Defendant, John T. Bowles, by both the Plaintiff, Respondent here, Mitch Zarsky individually and d/b/a Zarsky Industries and his attorney of record, John K. George, Esq., *was frivolous and of no merit.* The Court finds, therefore, liability under Rule 13(TRCP) sanctions against both ... Zarsky ... and his attorney ... John K. George.... (emphasis added)

■ Rule 13 imposes a duty on the trial court to point out with particularity the acts or omissions on which sanctions are based. *Kahn v. Garcia,* 816 S.W.2d 131, 133 (Tex.App.—Houston [1st Dist.] 1991, n.w.h.); *Watkins v. Pearson,* 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied). An order imposing sanctions under Rule 13 differs from an order imposing sanctions under Rule 215. *Kahn,* 816 S.W.2d at 133. Unlike Rule 215, Rule 13 requires a court to designate the particulars which create "good cause." *Id.*

■ The sanction orders in both *Kahn* and *Watkins* were held to be in violation of this requirement. In *Kahn,* the order re-

cited that the motions for sanctions were "meritorious." *Kahn*, 816 S.W.2d at 132. In *Watkins*, the order merely stated that "for good cause being shown, monetary sanctions are hereby imposed ... pursuant to Rule 13." *Watkins*, 795 S.W.2d at 259. Similarly, the order signed by the trial judge states that "the Court finds substantial evidence that this Third Party lawsuit ... was frivolous and of no merit." The recitation here fails to satisfy the particularity requirements of Rule 13. There is no statement or description of what was done in bad faith, or a description of how Mr. George acted to bring about the improper purpose. The trial court failed to show with particularity its reason for finding the third party lawsuit frivolous and meritless. Thus the trial judge abused his discretion in entering the sanctions order. Such error was not harmless as it prevented Mr. George from making a proper presentation of his case to this court. TEX. R.APP.P. 81. Appellant's sole point of error is sustained.

The judgment of the trial court ordering sanctions is reversed and remanded for proceedings consistent with this opinion.