Opinion issued April 30, 2009    
 











    



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00879-CV
____________

PEDRO CORNEJO and JAMAL A. ASAFI, 
Appellants

V.

ALBERTO GONZALEZ, 
Appellee




On Appeal from 280th District Court
Harris County, Texas
Trial Court Cause No. 2006-11162



 
MEMORANDUM OPINION

          Appellant Pedro Cornejo appeals the trial court’s dismissal of his lawsuit
against appellee, Alberto Gonzalez, for want of prosecution after his attorney in the
cause below, Jamal A. Asafi, failed to pay a $1,000 sanction. Asafi appeals the
court’s order imposing the $1,000 sanction against him.


 We determine (1) whether
the trial court abused its discretion in sanctioning Asafi, (2) whether the trial court
abused its discretion in dismissing Cornejo’s suit for want of prosecution, and (3)
whether the trial court erred in failing to file findings of fact and conclusions of law. 
We affirm the order imposing the $1000 sanction and the final judgment to the extent
that such sanction order was merged into it, but reverse the remainder of the final
judgment and remand the cause.
Background
          On March 5, 2005, Cornejo was a passenger in a vehicle driven by his brother,
Silvestre Cornejo (“Silvestre”), which was struck from behind by a vehicle driven by 
Gonzalez. Cornejo subsequently sued Gonzalez, alleging that Gonzalez had
negligently caused the collision. 
          A jury trial began on April 23, 2007, and Cornejo called Gonzalez as a witness. 
During direct examination by Cornejo, Gonzalez explained that he had been keeping
a safe distance between himself and a car in front of him, when he moved into the
right lane to pass the car. As he did so, Silvestre, who had been traveling in front of
the car in the left lane, suddenly, and without signaling, moved his truck into
Gonzalez’s lane, directly in front of Gonzalez, applied his brakes, and attempted a
right turn onto a side street. Gonzalez applied his own brakes and attempted to
swerve to avoid colliding with Silvestre, but was unable to do so successfully because
of the car in the left lane. The right front corner of Gonzalez’s vehicle struck the left
rear side of Silvestre’s truck. 
          Gonzalez testified that Silvestre’s actions had caused the accident and stated
that the diagram in the accident report, which showed the two vehicles colliding
squarely bumper-to-bumper, was inaccurate. Gonzalez, who spoke only Spanish,
admitted that he had not spoken to the law enforcement official who had written the
accident report.


 Cornejo’s counsel, Asafi, asked Gonzalez, “What percentage of fault
would you say you were in the accident?” Gonzalez responded that he could not say
because he was not a police officer or a judge.
          A mistrial was declared during the presentation of the videotaped deposition
of Cornejo’s second witness, Dr. James Alexander Ghadially, an orthopedic surgeon,
because a portion of the videotaped deposition that had previously been ordered
excluded by the court was nevertheless played to the jury. After the mistrial was
declared, Gonzalez’s attorney asked for leave of court to designate Silvestre as a
responsible third party and to file a second amended answer including Silvestre’s
proportionate responsibility, based on the testimony from Gonzalez given that day in
court. The trial court granted Gonzalez’s request. The trial was reset for July 16,
2007. 
          On April 26, 2007, Gonzalez filed an amended answer that included a request
for the determination of proportionate responsibility of all persons causing or
contributing to the accident, including Silvestre, and for jury instructions asking
whether the accident had resulted from a sudden emergency and whether the sole
proximate cause of the accident was the acts or omissions of a third party for whom
Gonzalez was not liable. 
          That same day, Gonzalez filed a formal motion for leave to designate Silvestre
as a responsible third party. 
          On May 7, 2007, Cornejo filed a motion for partial summary judgment on
liability, requesting the trial court to find Gonzalez negligent as a matter of law and
to limit the upcoming trial to the issue of damages, and set the matter for a hearing
on June 4, 2007. Gonzalez responded by filing a motion for continuance of the
plaintiff’s motion for summary judgment


 and a motion for sanctions under Texas
Civil Practice and Remedies Code section 10.001


 and Texas Rule of Civil Procedure
13,


 asserting that the motion for partial summary judgment was frivolous and
brought in bad faith in light of the evidence adduced at trial. Gonzalez sought
reasonable expenses in opposing the motion for summary judgment, as well as
sanctions against Asafi, not Cornejo. Gonzalez’s motions were set for a hearing on
May 18, 2007. 
          On May 18, 2007, the trial court conducted a hearing. The trial court
announced that it found Cornejo’s motion for summary judgment to be a frivolous
filing and imposed monetary sanctions against Asafi in the amount of $1,000. The
court signed an order for sanctions later that same day that struck the motion for
partial summary judgment, found Cornejo’s motion for partial summary judgment to
be in violation of Texas Civil Practice and Remedies Code section 10.001, decreed
that Asafi be sanctioned for such violation, and ordered Asafi to pay “$1000, the
amount of the reasonable expenses incurred by Defendant and his agents because of
the filing of the motion.” The payment was required to be made within 45 days of the
date of the order. 
          On July 6, 2007, the court called the case at docket call. At the hearing, the
court noted that that the sanction was overdue and reminded Asafi that the sanction
had been ordered to be paid by a certain day. The court warned Asafi that, if the
sanction was not paid by that day, the court could either grant a short extension or
dismiss the case. Gonzalez’s counsel asked the court to dismiss the case immediately
because of Asafi’s failure to comply with various court orders. The court declined
to do so at that time, though it stated that it might do so later. 
          The court subsequently informed the parties that the case would be the second
one set for trial on July 16, 2007, and stated that the “new deadline” by which Asafi
was required to pay the $1,000 sanction was 4:00 p.m. on July 12, 2007. The court
announced that it would have a dismissal-for-want-of-prosecution hearing set at
10:00 a.m. on July 13, 2007. Asafi asked, “If I don’t pay the sanctions,” and the court
responded, “If you do not pay the sanctions, I’m going to dismiss the case.” 
          On July 13, 2007, the court held a hearing on its “intent to dismiss this case if
plaintiff’s counsel didn’t pay the thousand dollars he owed.” It asked Asafi, “Did you
do it?” Asafi answered, “No, Your Honor, I did not, and I once again am objecting
[to the sanction and] . . . would ask the Court to state the legal basis for the sanction
at this time.” The court responded by asking if the defendant wanted the court to
carry out its intent to dismiss the case for want of prosecution and, after receiving an
affirmative response, stated that it was “going to dismiss this case for want of
prosecution.” Asafi then objected to the court’s not stating a legal basis for the
sanction and asked if the court would rule on his objection. The court said, “No”;
Asafi objected to the court’s not ruling on his objection and then asked, “What rule
is the sanction issued under? Is it Rule 215 or [a] Rule 13 sanction?” The court
responded, “Thank you, you may be excused.” The trial court signed a judgment



dismissing the case without prejudice


 for want of prosecution and taxing the costs
against the plaintiff.  
          On July 19, 2007, Cornejo and Asafi filed a request for findings of fact and
conclusions of law for the sanction order signed May 18, 2007, and the judgment of
dismissal signed July 13, 2007. The court did not respond to this request, and a
notice of past due findings was filed on August 11, 2007. There was no response by
the court to such notice.
          Also on August 11, 2007, Asafi filed a “motion to modify judgments,” asking
the trial court to vacate the sanctions against him “as there [was] not a legal or factual
basis for sanctioning [him].” Alternatively, he asked the court to clarify the orders
of May 18, 2007 and July 13, 2007, asserting that it “appears the Court has sanctioned
Asafi twice” and averring that, unless the trial court vacated one of the orders, Asafi
would “be forced to bring both Orders to the Court of Appeals.” That same day,
Cornejo filed a verified motion to reinstate, objecting to the trial court’s dismissal and
imposition of costs, asserting that he had always been ready to prosecute the lawsuit
and was still ready, and requesting that the lawsuit be reinstated. 
          The trial court heard both Asafi’s and Cornejo’s motions on August 24, 2007,
and denied both.


 Appellants filed a request for findings of fact and conclusions of
law regarding this order on August 29, 2007, and, later, a notice of past due findings
of fact and conclusions of law. There was no response by the court to either the
request or the notice.
          On appeal, in two issues, appellants raise three complaints. Cornejo complains
that the trial court abused its discretion in dismissing his case for want of prosecution
in the July 13 order.


 Asafi complains that the trial court abused its discretion in
imposing sanctions on him, citing both the May 18 and July 13 orders. Both
complain that the trial court erred in not filing the requested findings of fact and
conclusions of law.
Imposition of Sanctions
          In the first part of the first issue, Asafi complains of the trial court’s imposition
of sanctions against him.


 He first asserts that the sanction was imposed under
Chapter 10 of the Texas Civil Practice and Remedies Code and argues that because
the order


 imposing sanctions lacked the specificity required by that chapter, it must
be reversed. See Tex. Civ. Prac. & Rem. Code Ann. § 10.005 (Vernon 2002). 
Alternatively, Asafi argues that the trial court abused its discretion in ordering
sanctions because he had a factual and legal basis to file the motion for partial
summary judgment, citing to case law that holds that it is improper for a trial court
to impose a sanction that forbids a party from filing motions.


 See Kahn v. Garcia,
816 S.W.2d 131, 133–34 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding). 
          Gonzalez responds that the order specified the factual grounds of the sanctions
and that the record of the hearing further specified the reasons for the ruling, namely,
that the motion for partial summary judgment was frivolous in light of Gonzalez’s
recent trial testimony and the trial court’s grant of Gonzalez’s motion to designate
Silvestre as a responsible third party. Gonzalez also argues that Kahn is
distinguishable because the trial court in Kahn forbade the plaintiff from filing further
motions, while the trial court in the present case did not impose any such restriction
on appellants but, rather, simply sanctioned Asafi under Texas Civil Practice and
Remedies Code chapters 9 and 10 for filing a frivolous pleading. 
A.      The trial court’s order and the standard of review
          The trial court’s sanction order of May 18 read:
          On this day came to be heard Defendant’s Motion for
Continuance on Plaintiff’s motion for partial summary judgment and
Defendant’s motion for Sanctions. It is hereby,
 
          ORDERED, ADJUDGED AND DECREED that Plaintiff’s
motion for partial summary judgment is STRICKEN.
 
          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
the filing of Plaintiff’s motion for partial summary judgment, when
viewed in light of the recent trial testimony of Defendant and the recent
rulings of the Court granting Defendant’s motions for leave to amend his
pleadings and to designate a responsible third party, was in violation of
Tex. Civ. Prac. & Rem. Code § 10.001. 
 
          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
Plaintiff’s counsel shall be sanctioned for this violation. The basis for
the sanction imposed is to deter repetition of the conduct, and also to
deter comparable conduct by others similarly situated.
 
          The Court ORDERS Plaintiff’s attorney to pay to Defendant’s
attorney $1000, the amount of the reasonable expenses incurred by
Defendant and his agents because of the filing of the motion. Said
payment shall be made within 45 days of the signing of this order.          Because the order specifically refers to a violation of section 10.001 of the
Texas Civil Practices and Remedies Code, and tracks the language of section 10.004
of that same code,


 which authorizes a court to impose sanctions for the violation of
section 10.001, we review whether the trial court properly sanctioned Asafi under
section 10.004. See Houtex Ready Mix Concrete & Materials v. Eagle Constr. &
Envtl. Servs., L.P., 226 S.W.3d 514, 521 (Tex. App.—Houston [1st Dist.] 2006, no
pet.) (noting that when sanction order cites to specific rule, or tracks its language,
reviewing court determines whether sanction is appropriate under that rule); Finlay
v. Olive, 77 S.W.3d 520, 524 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (same). 
          We review a trial court’s imposition of sanctions under chapter 10 of the Texas
Civil Practice and Remedies Code under an abuse-of-discretion standard. Low v.
Henry, 221 S.W.3d 609, 614 (Tex. 2007). A trial court abuses its discretion in
imposing sanctions if it acts arbitrarily and unreasonably, without reference to
guiding rules or principles. Id. In reviewing a sanction order, we independently
review the entire record to determine whether the trial court abused its discretion. 
Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006).
B.      Chapter 10 sanctions
          Chapter 10 of the Texas Civil Practice and Remedies Code provides that the
signing of a pleading or motion constitutes a certificate by the signatory that, to the
best of the signatory’s knowledge, information, and belief, formed after reasonable
inquiry, 
(1) the pleading or motion is not being presented for any improper
purpose, including to harass or to cause unnecessary delay or needless
increase in the cost of litigation;
 
(2) each claim, defense, or other legal contention in the pleading or
motion is warranted by existing law or by a nonfrivolous argument for
the extension, modification, or reversal of existing law or the
establishment of new law; 
 
(3) each allegation or other factual contention in the pleading or motion
has evidentiary support or, for a specifically identified allegation or
factual contention, is likely to have evidentiary support after a
reasonable opportunity for further investigation or discovery; and
 
(4) each denial in the pleading or motion of a factual contention is
warranted on the evidence or, for a specifically identified denial, is
reasonably based on a lack of information or belief.
 
Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002). 
          Upon an alleged violation of section 10.001, a party may file a motion for
sanctions describing the specific violative conduct, or the court on its own may enter
an order describing the specific violative conduct and direct the alleged violator to
show cause why the conduct has not violated that section. Id. § 10.002(a), (b)
(Vernon 2002). If the court determines that a person has signed a pleading or motion
in violation of section 10.001, it may impose a sanction on that person, a party
represented by that person, or both. Id. § 10.004(a) (Vernon 2002). If the sanction
was imposed pursuant to a motion seeking sanctions filed under section 10.002, the
court may award the prevailing party its reasonable expenses and attorney’s fees in
presenting or opposing the motion. Id. § 10.002(c) (Vernon 2002). A court imposing
sanctions under Chapter 10 must describe in its order the conduct that the court
determined violated section 10.001 and must explain the basis for the sanction
imposed. Id. § 10.005. 
C.      Particularity of the order in describing violative conduct
          Asafi’s first challenge to the sanction order is that the order fails to
“particularize the conduct warranting sanctions” as required by section 10.005, and
he contends that the court’s failure to “state the factual basis of the sanctions” renders
the sanctions “legally insufficient.” See id. (requiring court to describe conduct
determined to have violated section 10.001); Barkhausen v. Craycom, Inc., 178
S.W.3d 413, 419–20 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding
that, absent affirmative showing in trial record, trial court abused its discretion in
failing to particularize conduct that it found warranted sanctions). Asafi asserts that
the “general statement” in the order imposing sanctions requires him to “guess at the
basis for the sanctions” and does not meet the statutory mandate for particularity.
          We have reviewed the order imposing sanctions. The order particularizes the
conduct that the court found warranted sanctions—Asafi’s filing of a motion for
partial summary judgment on liability against Gonzalez after Gonzalez’s testimony
at trial that the accident was caused by Silvestre’s negligence and after the trial court
had granted leave for Silvestre to be designated a responsible third party. Moreover,
the record of the hearing affirmatively shows that the trial court specifically stated
that it found, “[Asafi’s] motion for summary judgment to be a frivolous filing[.]” We
hold that the trial court’s order met the statutory requirement to describe the conduct
that the court determined violated section 10.001. 
          We overrule this challenge to the trial court’s order.
D.       Abuse of discretion
          Asafi also argues that the trial court abused its discretion in ordering sanctions
because he had a factual and legal basis to file the motion for partial summary
judgment. He cites to a single authority in support of his contention. 
          Asafi’s sole citation, Kahn v. Garcia, stands for the proposition that a trial
court may not impose a sanction that forbids a party from filing motions with the
court. See Kahn, 816 S.W.2d at 133–34. The sanction imposed by the trial court in
this case involved a monetary sanction under chapter 10 for the filing of a frivolous
pleading. It does not prohibit Asafi or Cornejo from filing future motions with the
trial court. Kahn is therefore not pertinent to our review.
          A trial court may impose sanctions against an attorney for asserting a legal
contention in a pleading or motion that is not warranted by existing law or by a
nonfrivolous argument for the extension, modification, or reversal of existing law or
the establishment of new law, or for asserting allegations or other factual contentions
that do not have evidentiary support. Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001,
10.004. Asafi filed a motion for partial summary judgment, which asserted that
Gonzalez was liable for negligence as a matter of law in striking the vehicle in which
Cornejo was a passenger, and which requested a finding of liability against Gonzalez
and a limiting of the upcoming trial to the issue of damages. In the pleading, he also
claimed that the facts were uncontroverted, attaching the police report thereto. Asafi
made no reference to Silvestre’s status as a designated responsible third party


 or
Silvestre’s possible sole or partial responsibility for causing the collision.



          Contrary to Asafi’s assertion in the motion for partial summary judgment, the
facts were not uncontroverted. Prior to the filing of the motion for partial summary
judgment, Gonzalez had testified in open court that the police report was inaccurate
and did not reflect Silvestre’s negligent actions causing the accident, and the trial
court had granted leave for Silvestre to be designated a responsible third party. 
          Additionally, in order to be entitled to a summary judgment against Gonzalez,
Cornejo was required to show that no genuine issues of material fact existed and that
he was entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). Proximate cause is an
essential element of an action for negligence, requiring proof that (1) the defendant’s
negligent act was the cause-in-fact of the plaintiff’s injury and (2) the injury was
foreseen or reasonably should have been foreseen as the result of the negligence. 
Hennessy v. Estate of Perez, 725 S.W.2d 507, 509 (Tex. App.—Houston [1st Dist.]
1987, no writ). In this case, Gonzales testified that his actions were necessary due to
the negligent actions of a third party, Silvestre, and that Silvestre’s negligent acts
were either the sole proximate cause of the collision or a concurrent proximate cause
of the accident. His testimony therefore raised genuine issues of material fact that
precluded the granting of a summary judgment holding Gonzalez solely liable for the
collision. 
          At the time of the filing of the motion for partial summary judgment, Asafi
would have known that there were genuine issues of material fact regarding liability
and that the police report was controverted. Gonzalez’s testimony controverting the
police report and asserting Silvestre’s liability and the trial court’s granting of leave
to designate Silvestre as a responsible third party both occurred in Asafi’s presence
and in open court. There was also a pending request by Gonzalez for jury instructions
asking whether the accident resulted from a sudden emergency and whether the sole
proximate cause of the accident was the acts or omissions of a third party for whom
Gonzalez was not liable. The motion for partial summary judgment therefore
contained both a factual contention without evidentiary support and legal contentions
not warranted by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law. We
therefore hold that the trial court did not abuse its discretion in ordering sanctions
under section 10.001.
          We overrule both of Asafi’s challenges to the trial court’s sanction order and
overrule this portion of the first issue.
Dismissal for Want of Prosecution
          In the balance of the first issue on appeal, Cornejo challenges the trial court’s
dismissal of his case for want of prosecution, arguing that the trial court abused its
discretion in so doing.


 Cornejo contends that the trial court dismissed his case
because Asafi did not pay the required sanction, argues that there is “no basis” for the
trial court to have rendered a dismissal for want of prosecution, and asserts that the
dismissal of his case was an “unjust sanction.” Cornejo cites Cire v. Cummings for
the propositions that (1) a sanction must be just and not excessive and (2) the record
must reflect that the trial court considered the availability of lesser sanctions. See
Cire v. Cummings, 134 S.W.3d 835, 839–40 (Tex. 2004). 
          Gonzalez responds that the dismissal was proper and was “the cumulative
result of Appellant’s egregious and continuous misconduct[.]” Gonzalez also cites
to Cire and asserts that “Appellant’s egregious conduct and blatant disregard” of the
court made “dismissal appropriate as a first sanction,” but contends that there were
also numerous lesser sanctions imposed prior to dismissal. Alternatively, Gonzalez
argues that Cire is distinguishable because it involved discovery abuses, whereas the
present case involves “conduct that has directly interfered with Appellee’s right to a
fair trial, interfered with the Court’s ability to properly conduct the trial, and
interfered with Court orders, procedure[,] and protocol.” 
A.     The trial court’s order and the standard of review
          Both Cornejo and Gonzalez analyze whether the trial court’s judgment of
dismissal was a proper imposition of a “death penalty” sanction


 under Cire,
analyzing the dismissal under the two-part “just sanction” test of TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991) for sanctions issued under
Texas Rule of Evidence 215.2(b).


 See Cire, 134 S.W.3d at 839.  
          The record demonstrates that the trial court dismissed Cornejo’s case because
Asafi failed to pay the previously ordered monetary sanction, and it rendered a
judgment dismissing Cornejo’s case for “want of prosecution.”


 We therefore
determine whether the trial court clearly abused its discretion in rendering a judgment
of dismissal for want of prosecution. See MacGregor v. Rich, 941 S.W.2d 74, 75
(Tex. 1997) (per curiam) (setting out standard of review of dismissal for want of
prosecution). 
B.      Analysis
          A trial court’s authority to dismiss a case for want of prosecution is derived
from (1) the court’s inherent power and (2) Texas Rule of Civil Procedure 165a.


 See
Tex. R. Civ. P. 165a(1), (2), (4); Villarreal v. San Antonio Truck & Equip., 994
S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss a case for want of
prosecution (1) when a party seeking affirmative relief fails to appear at a hearing or
trial of which it had notice (rule 165a(1)); (2) when the case has not been disposed
of within time standards promulgated by the supreme court (rule 165a(2)); and (3)
pursuant to the court’s inherent power to dismiss when a case has not been prosecuted
with due diligence. City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.
App.—Houston [1st Dist.] 1992, no pet.). However, a party must be provided with
notice of the trial court’s intent to dismiss and an opportunity to be heard before a
trial court may dismiss a case for want of prosecution under either rule 165a or the
trial court’s inherent authority. See Villarreal, 994 S.W.2d at 630. Furthermore, a
trial court may not dismiss a case for want of prosecution on a ground other than
those provided in its notice of intent to dismiss. See id. at 632.  
          A trial court’s ruling dismissing a case for want of prosecution is reviewed for
a clear abuse of discretion. MacGregor, 941 S.W.2d at 75. The central issue in a
review of a dismissal for want of prosecution is whether the plaintiff exercised
reasonable diligence in prosecuting its suit. Id. A trial court abuses its discretion
when it acts without reference to any guiding rules and principles, Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985), or when it fails
to analyze or to apply the law correctly, Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992). 
          The record does not reflect any written notice of the court’s intention to dismiss 
the case as required in rule 165a(1), but it does reflect an oral notice of the dismissal 
hearing to Asafi by the trial court itself, during which the court explicitly stated that
it would dismiss Cornejo’s case on July 13 if Cornejo’s counsel, Asafi, failed to pay
the monetary sanction ordered against him by 4 p.m. on July 12. At the start of the
July 13 dismissal hearing, the trial court announced, “We’re here today because the
Court set its hearing on its intent to dismiss this case if plaintiff’s counsel didn’t pay
the thousand dollars he owed.” 
          The record is clear that trial court provided specific notice of its intent to
dismiss Cornejo’s case for want of prosecution if Asafi “did not pay the sanctions”
that the trial court had entered against Asafi alone. After a hearing directed solely at
the question of Asafi’s compliance with the order to pay, the trial court carried out the
intent expressed in its oral notice and dismissed Cornejo’s case. It is apparent that
the trial court did not dismiss Cornejo’s case because of any failure to appear, or to
dispose of the case within the required guidelines, or to prosecute the case with due
diligence. The trial court dismissed the case on July 13—as the court had warned that
it would do—because Asafi had failed to pay the court-ordered $1,000 sanction by
July 12 at 4 p.m. 
          Although an attorney’s refusal to comply with a trial court’s order to pay a
monetary sanction levied against such attorney individually is a serious and
potentially sanctionable matter, it does not support the dismissal of the attorney’s
client’s case for want of prosecution under either (1) rule 165a for a party’s failure
to appear or failure to dispose of a case within the supreme court time standards or
(2) a trial court’s inherent power for a party’s failure to prosecute his or her case
diligently—the bases on which a trial court is authorized to dismiss a case for want
of prosecution. See Tex. R. Civ. P. 165a(1), (2), (4); Villarreal, 994 S.W.2d at 630. 
We hold that the trial court abused its discretion in dismissing Cornejo’s case for
want of prosecution and sustain this portion of the first issue on appeal.


 
Findings of Fact and Conclusions of Law
          Appellants’ second issue complains that the trial court failed to file findings of
fact and conclusions of law regarding the May 18, 2007 order of sanctions, the July
13, 2007 judgment of dismissal for want of prosecution, and the August 24, 2007
order that denied both Asafi’s motion to modify judgments and Gonzalez’s motion
for additional sanctions. Appellants filed requests for findings of fact and conclusions
of law under Texas Rule of Civil Procedure 296 and filed notices of past-due findings
of fact and conclusions of law under Texas Rule of Civil Procedure 297. See Tex.
R. Civ. P. 296, 297. Although appellants state that the proper remedy for a trial
court’s refusal to file findings of fact and conclusions of law is the abatement of an
appeal in order for the trial court to correct the error, appellants do not request that
we abate their appeal, nor do they ask for any other relief for this alleged error. 
Citing to IKB Industries (Nigeria) Ltd. v. Pro-Line Corporation, 938 S.W.2d 440
(Tex. 1997), appellants additionally argue that this Court, nevertheless, would not be
bound by any findings of fact and conclusions of law, if any had been filed by the
trial court.
          To the extent that appellants sought the findings required by section 10.005 of
the Texas Civil Practices and Remedies Code, as discussed previously, we hold that
the Court complied with this requirement in the May 18 order and so was not required
to make additional findings. To the extent that appellants are complaining that the
trial court failed to file findings of fact and conclusions of law under rule 296
regarding the July 13 order and the ruling on August 24 denying the motion to
reinstate and motion to modify, we hold that the trial court was not required to do so
pursuant to rule 296.
          “The purpose of Rule 296 is to give a party a right to findings of fact and
conclusions of law finally adjudicated after a conventional trial on the merits before
the court. In other cases findings and conclusions are proper, but a party is not
entitled to them.” IKB Indus., 938 S.W.2d at 442 (emphasis added). A trial court is
therefore required to file findings of fact and conclusions of law requested under rule
296 only after the signing of a judgment in a case that has been “tried” before the trial
court.


 See Tex. R. Civ. P. 296 (“In any case tried in the district or county court
without a jury, any party may request the court to state in writing its findings of fact
and conclusions of law. Such request . . . shall be filed within twenty days after
judgment is signed[.]”); IKB Indus., 938 S.W.2d at 442. Therefore, a trial court has
no duty to file findings of fact and conclusions of law when no trial has occurred,
such as in a dismissal for want of prosecution without an evidentiary hearing. IKB
Indus., 938 S.W.2d at 443; Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex.
App.—Houston [14th Dist.] 1990, no writ). A trial court also has no duty to file
findings of fact or conclusions of law for any post-judgment proceedings. See
Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex. App.—Amarillo 1993, no writ);
Johnson v. J.W. Constr. Co., 717 S.W.2d 464, 468 (Tex. App.—Fort Worth 1986, no
writ). 
          Because the court’s judgment of dismissal for want of prosecution was not
rendered pursuant to “a conventional trial on the merits,” or an evidentiary hearing,
and so was not “tried in the district court,” the trial court was not required to file
findings of fact and conclusions of law in response to the request filed by appellants
on July 19, 2007. See Tex. R. Civ. P. 296; IKB Indus., 938 S.W.2d at 443; Kendrick,
804 S.W.2d at 156. Furthermore, because the scope of rule 296 does not include
post-judgment proceedings, the trial court was also not required to file findings of
fact and conclusions of law in response to the request filed by appellants on August
29, 2007. See Zimmerman, 862 S.W.2d at 164; Johnson, 717 S.W.2d at 468. We
therefore hold that the trial court did not err in failing to file the requested findings
of fact and conclusions of law.
          We overrule appellants’ second issue.
 

Conclusion
          We affirm the order imposing the $1,000 sanction and the portion of the final
judgment pertaining to such sanction. We reverse the remainder of the final judgment
and remand the cause for further proceedings.
 



                                                                        Tim Taft
Justice
 

Panel consists of Justices Taft, Bland, and Sharp.