**GTE COMMUNICATIONS SYSTEMS CORP., Relator,**

**v.**

**The Honorable Peter Michael CURRY, Respondent.**

**No. 04–91–00465–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 13, 1991.

Ruth Greenfield Malinas, J. Michael Ezzell, Ball and Weed, Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, San Antonio, for relator.

Pat Maloney, Jr., Law Offices of Pat Maloney, P.C., Rene R. Barrientos, Law Offices of Rene R. Barrientos, Timothy Patton, Pozza & Patton, San Antonio, for respondent.

Before REEVES, C.J., and BIERY and CARR, JJ.

**OPINION**

BIERY, Justice.

This is an original proceeding in which relator, defendant below (GTE), asks this Court to issue a writ of mandamus directing the trial court to rescind its sanctions order which struck GTE's pleadings and

imposed a fine of $150,000 as attorney fees to be paid on entry of final judgment.

The suit arises out of a fatal accident. A pay telephone was affixed to the outside wall of Bud's Foodliner. Larry Bluethman allegedly stretched the metal cord of the telephone handset, normally about eighteen inches long, to over three feet across a sidewalk and tied the handset end to a pole holding up an awning. Shortly thereafter, two young boys on bicycles rode down the sidewalk. One boy was nearly decapitated when he ran into the stretched cord and died. The other boy avoided the cord but was injured. The parents of both boys brought suit against the store owner, ATS Pay Phone Supply, Inc., Quest Development, Larry Bluethman's estate, and GTE.

Plaintiffs alleged that GTE manufactured the handset and was negligent by designing and manufacturing a telephone handset that was easily disassembled and could be stretched; in failing to adequately warn of the danger of the misuse of this item; and in providing a defective telephone handset on commercial premises where third persons were at an unreasonable risk of harm. GTE filed a general denial and later sought summary judgment based on its denial that GTE manufactured, designed, or distributed the handset.

In support of its motion for summary judgment, GTE attached the affidavits of Robert Zimmermann, an employee of GTE, and of Oscar Jimenez, plant manager of General Cable Corporation. The gist of the affidavits is that the telephone cord was not a GTE product. Plaintiffs responded to the motion with a controverting affidavit, asserting that the cord was a GTE product.

The trial court held a hearing on the motion for summary judgment and denied GTE's motion. Plaintiffs then requested that the trial court impose sanctions against GTE under TEX.R.CIV.P. 215 and 13. Plaintiffs claimed that GTE violated rule 13 by filing false pleadings that are groundless and brought to avoid responsibility for a defective product, that GTE's affidavits were "misleading to the Court," and that its actions were done in bad faith.

They also claimed that GTE abused the discovery process by resisting and failing to produce documents relevant to the defective nature of its product and its knowledge of its dangerous propensities.

The trial court held a hearing on the motion for sanctions and granted the motion. It ordered GTE's pleadings to be stricken and ordered GTE to pay $150,000 as reasonable attorney fees "upon entry of final judgment in this cause." Relator invoked our jurisdiction pursuant to TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 1988) and *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 920 (Tex. 1991).

Rule 13 provides in part:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall ... make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.... No sanctions under this rule may be imposed except *for good cause,* the particulars of which *must* be stated in the sanction order.... A general denial does not constitute a violation of this rule.

TEX.R.CIV.P. 13 (emphasis added).

 A rule of civil procedure is interpreted by the same rules that govern statutes. When a rule is clear and unambiguous, we construe the language according to its literal meaning. *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985); *Hidalgo, Chambers & Co. v. Federal Deposit Ins. Corp.,* 790 S.W.2d

700, 702 (Tex.App.—Waco 1990, writ denied). The language contained in rule 13 is clear and unambiguous. The rule provides that no sanctions may be imposed except for good cause and that the trial court must enumerate the particulars of the good cause in the sanction order. The requirement that the court state its findings in the order is in lieu of the traditional findings of fact and conclusions of law which normally are filed in a trial on the merits in a non-jury case. These findings enable the appellate court to review the order in light of the facts found by the trial court. Without the findings required by rule 13, effective review of the sanctions is unavailable because the sanctioned party would be unable to overcome the presumption that the trial court found necessary facts in support of its judgment.

We hold that rule 13's requirement that the trial court state the particulars of the good cause found for imposing sanctions is mandatory. *See Kahn v. Garcia*, 816 S.W.2d 131, 132–133 (Tex.App.—Houston [1st Dist.], 1991, orig. proc.); TEX.R.CIV.P. 13. A mere statement in the order that good cause was shown and that the motion was filed for the purpose of delay is insufficient to sustain the sanctions order. *Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex. App.—Houston [14th Dist.] 1990, writ denied). The order considered in *Watkins* went further than the order in this case because it stated that good cause was shown and that the motion was filed for the purpose of delay. Yet, in spite of those findings, the order was found lacking because it failed to state the particulars sufficiently. *Id.*

The order in this case is defective in that it fails to comply with the mandatory requirements of rule 13. The order merely imposes sanctions. It does not find that good cause exists for such impositions; it does not find that the motion for summary judgment and affidavits were groundless and filed for the purpose of delay or harassment, or were made in bad faith; and, more fatally, it does not state any facts or particulars of the good cause.

We conditionally grant the writ of mandamus. The trial court is ordered to vacate the sanction order. The writ of mandamus shall issue only if the sanction order is not vacated.