IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





NO. 3-92-183-CV





ELLIS H. GILLELAND,



 APPELLANT


vs.





GUY A. SHEPPARD, SECRETARY OF THE TEXAS STATE BOARD OF 


VETERINARY MEDICAL EXAMINERS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 91-12246, HONORABLE W. JEANNE MEURER, PRESIDING JUDGE



 





PER CURIAM

 This is an appeal from a "death penalty" sanction order. See Tex. R. Civ. P. 13. 
We will reverse the trial court's order because case determinative sanctions are not warranted.



I. BACKGROUND


 On August 28, 1991, appellant Ellis H. Gilleland, acting pro se, filed in the district
court a petition for writ of mandamus. Gilleland sought to compel appellee Guy A. Sheppard,
in his official capacity as Secretary of the Texas State Board of Veterinary Medical Examiners,
to docket and initiate a contested proceeding against two veterinarians licensed by the Board. See
12 Tex. Reg. 3815 (1987) (proposed) and 13 Tex. Reg. 1189 (1988) (adopted), amended by 17
Tex. Reg. 2176 (proposed) and 17 Tex. Reg 5015 (1992) (adopted) (former 22 Tex. Admin. Code
§ 575.9). (1)
 The Secretary filed a plea to the jurisdiction, plea in abatement, and general denial,
and pleaded the affirmative defense of governmental immunity. On October 24, 1991, the trial
court heard Gilleland's petition for writ of mandamus, but did not announce a ruling.

 Thereafter, in a letter to the trial court dated December 11, 1991, counsel for the
Secretary requested permission to file a postsubmission brief. The letter was copied to the Board
and Gilleland. On December 30, 1991, the Secretary filed a postsubmission brief. On the same
date, Gilleland filed an objection to the "groundless and motionless reopening" of the case to
"additional evidence." 

 On January 28, 1992, Gilleland filed a written objection to the allegedly
"fraudulent" statement of facts ("objection to the statement of facts"). On February 11, 1992,
Gilleland filed a motion for a court order to compel the court reporter to prepare a
"nonfraudulent" transcript and to file exhibits with the district clerk (2) ("motion to compel"). The
trial court scheduled a hearing for March 12 on Gilleland's objection to the reopening of his case
to additional evidence, his objection to the statement of facts, and his motion to compel. On
February 14, 1992, the Secretary filed a motion for sanctions in response to Gilleland's objection
to the statement of facts and the motion to compel. See Tex. R. Civ. P. 13. 

 On February 27, 1992, the trial court heard the sanctions motion. The trial court
orally pronounced that it granted the motion for sanctions and struck Gilleland's objection to the
statement of facts and the motion to compel. However, in its written order, the trial court
additionally ordered Gilleland's pleadings and all motions struck, and his cause dismissed with
prejudice. 

 On March 12, 1992, Gilleland filed a motion for rehearing. On the same date, the
trial court held the scheduled hearing on Gilleland's objection to the statement of facts, motion
to compel, and objection to the groundless and motionless reopening of the case to additional
evidence. On March 16, 1992, the trial court signed an order overruling the two objections and
the motion. (3) Also on March 16, Gilleland filed a request for findings of fact and conclusions of
law from the sanctions hearing. See Tex. R. Civ. P. 296. On March 20, 1992, Gilleland filed
his cash deposit in lieu of appeal bond. Tex. R. App. P. 40(a)(1). On April 8, 1992, he filed his
notice of past due findings of fact and conclusions of law. See Tex. R. Civ. P. 297. On May
26, 1992, the trial court signed an order allowing substitution of four missing documents. See
Tex. R. Civ. P. 77.



II. DISCUSSION


A. Complaints Related to the Trial Court's Procedures at the Sanctions Hearing

 Gilleland raises fifty-one points of error on appeal. In his first point of error,
Gilleland complains that the trial court erred in refusing to allow adjudication of his objection to
the statement of facts for the October 24, 1991, mandamus hearing because it is fraudulent on its
face and was already set for hearing before the hearing on the motion for sanctions. In his third
point of error, Gilleland asserts that the trial court erred in refusing to allow adjudication of the
nonfiled and missing exhibits (4) from the October 24, 1991, hearing on his petition for writ of
mandamus. In his fourth point of error, Gilleland alleges the trial court erred in setting the
sanctions motion after Gilleland had already set and noticed a hearing on his objections to the
statement of facts. Under each of these points, Gilleland alleges that his due- process rights were
violated. In point of error fifty-one, Gilleland alleges the trial court erred in making a premature
judgment and order on the motion for sanctions, inasmuch as the statement of facts from the
October 24, 1991, hearing is fraudulent on its face, and its adjudication was already set for
hearing before the hearing on the motion for sanctions. 



 1. The Record on Appeal

 First, we address Gilleland's contention that the statement of facts from the October
24 mandamus hearing is fraudulent on its face. A statement of facts from the October 24
mandamus hearing was tendered to this Court for filing in this cause. We originally filed this
volume of statement of facts as an exhibit to the statement of facts from the February 27 sanctions
hearing. A statement of facts of the October 24 mandamus hearing was admitted into evidence
as defendant's exhibit 1 at the sanctions hearing. However, the record reflects that defendant's
exhibit 1 was a signed copy of the statement of facts. The volume tendered for filing with this
Court is an uncertified or unsigned original and, apparently, is not defendant's exhibit 1. We
notified the parties by letter that this Court may not consider the tendered statement of facts as a
part of the record on appeal unless the court reporter certifies it. See Tex. R. App. P. 53(f),
56(b). We requested the parties to obtain certification for the statement of facts and to submit
such certification by August 6, 1993. Neither party did so. Thus, we may not consider the
statement of facts of the October 24 mandamus hearing tendered to this Court. Accordingly,
appellant has failed to demonstrate and we cannot determine that the statement of facts of the
October 24 mandamus hearing is fraudulent on its face. 



 2. Due-Process Claims

 Gilleland asserts that the trial court refused to allow "adjudication" of his objection
to the statement of facts and his motion to compel in violation of his due-process rights. 
Gilleland's objection to the statement of facts and his motion to compel were set for hearing on
March 12, 1992. The trial court set these matters for hearing before the Secretary filed his motion
for sanctions. It appears that Gilleland is arguing that he had a due-process right to have the
March 12 hearing on his objection to the statement of facts and motion to compel before the trial
court heard the motion for sanctions. Gilleland has provided no authority for this proposition and
we are aware of none. (5) 

 Gilleland argues that he was denied due process because "the facts of the fraudulent
statement of facts were never brought before the trial court." We disagree. Sheppard, as the
party with the burden of proof on the sanctions motion, presented evidence and argued that
Gilleland's objection to the statement of facts and motion to compel were frivolous. Gilleland
responded showing that the statement of facts was fraudulent, including arguments and evidence
identifying the documents he alleged were missing exhibits. Thus, at the hearing on the motion
for sanctions, both parties presented evidence and arguments related to the "facts of the fraudulent
statement of facts." Points of error one, three, four, and fifty-one are overruled.




 3. Complaint That Trial Court Prevented Complete Record on Appeal

 In a related fiftieth point of error, Gilleland asserts that the trial court erred in
preventing him from bringing a complete record before this Court. Gilleland argues that he
attempted to adjudicate the fraudulent statement of facts and have the admitted exhibits filed with
the district clerk, but the case was dismissed as a sanction. Therefore, Gilleland complains, the
trial court effectively prevented him from obtaining and including admitted exhibits in the 
transcript. We have already determined that it was not error for the trial court to conduct the 
sanctions hearing when and as it did. Additionally, the allegedly omitted exhibits are exhibits to
the statement of facts from the mandamus hearing admitted as defendant's exhibit 1 at the
sanctions hearing. Defendant's exhibit 1 is not included in the record on appeal. Nor is the
statement of facts from the mandamus hearing tendered to this Court properly before us. The
appellant has the burden to see that a sufficient record is presented to show error requiring
reversal. Tex. R. App. P. 50(d). In the absence of a statement of facts from the mandamus
hearing, we are unable to pass on the merits of Gilleland's complaint that admitted exhibits were
omitted from the statement of facts of the mandamus hearing. Point of error fifty is overruled. 


 4. Complaints Related to Trial Court's Exclusion of Evidence

 In his thirty-fifth, thirty-sixth, and thirty-seventh points of error, Gilleland asserts
that the trial court erred in its order, adjudication, and decision on the motion for sanctions
because the order fraudulently states that the trial court heard evidence when it did not hear or
allow presentation of the evidence. The evidence Gilleland refers to is the testimony of three
witnesses he requested be subpoenaed for the March 12 hearing (the Honorable Joseph Hart, court
reporter Cynthia Alvarez and attorney Jennifer Riggs), the audiotape of the October 24 hearing,
and the original fraudulent statement of facts. The trial court's order does not identify this
specific evidence as the evidence that the trial court heard. Accordingly, Gilleland has not shown
that the recital that the trial court heard the evidence is fraudulent.

 Gilleland argues that the trial court did not allow him to present evidence. The
record reflects that Gilleland requested that Judge Hart, court reporter Alvarez and attorney Riggs
be subpoenaed for the March 12 hearing, but does not reflect that he subpoenaed them for the
sanctions hearing. (6) Similarly, the record reflects that Gilleland requested a subpoena duces tecum
for the audiotape to be brought to the March 12 hearing, but does not reflect that he did so for the
sanctions hearing. 

 At the sanctions hearing, Gilleland made the following request regarding calling
Judge Hart, the court reporter, and Attorney Riggs as witnesses:



And I would like to ask all three witnesses those types of questions to show that
the record is not complete, that it has omitted substantially things that are -- that
were said and done in the trial and things submitted that were not in here [the
statement of facts]. And that is the whole basis for me attempting to work with
Ms. Alvarez, to get a corrected transcript and file the exhibits.



The trial court denied Gilleland's request. The record does not indicate the nature of the evidence
these witnesses' testimony would provide, because Gilleland did not make a bill of exception. 
Tex. R. App. P. 52(b). Not knowing what their testimony would have been, we are unable to
pass on the question whether it was error to exclude it.

 Finally, the record reflects that Gilleland objected to the admission of a copy of the
statement of facts of the October 24 mandamus hearing as defendant's exhibit 1 at the sanctions
hearing. Gilleland asserted it was a fraud and did not represent what the court reporter prepared
because the original did not bear the court reporter's signature. Sheppard's counsel responded
that she had never seen the original and that Gilleland did not return the original to the court
reporter for signing. Gilleland did not offer the original into evidence. Sheppard's counsel
secured the court reporter's signature on the copy offered and admitted as defendant's exhibit 1. 
These facts do not demonstrate that the trial court prevented presentation of the original statement
of facts. We overrule points thirty-five, thirty-six, and thirty-seven.



B. Failure To Make & File Findings of Fact and Conclusions of Law Pursuant

 to Proper Request

 In point of error eight, Gilleland asserts that the trial court erred in refusing to
provide findings of fact and conclusions of law as requested. The record reflects that Gilleland
timely filed both a request for, and a notice of past due, findings of fact and conclusions of law
from the sanction hearing. The trial court did not prepare or file findings of fact and conclusions
of law pursuant to Gilleland's request and notice. 

 Rule 13 sets forth the requirements the trial court must meet when imposing
sanctions under the rule. The language contained in Rule 13 is clear and unambiguous. The rule
provides, "No sanctions under this rule may be imposed except for good cause, the particulars of
which must be stated in the sanction order." Tex. R. Civ. P. 13. The sanction order recites that
the trial court found "good cause" to grant the motion and lists additional specific findings in the
order. Gilleland does not contend that the order fails to meet the requirements of Rule 13. The
question, then, is whether the trial court was required to file findings of fact and conclusions of
law pursuant to Rules 296 and 297 in addition to the findings made pursuant to Rule 13.

 The requirement that the court state its findings in the order is in lieu of the
traditional findings of fact and conclusions of law which normally are filed in a nonjury trial on
the merits. GTE Communications Sys. Corp. v. Curry, 819 S.W.2d 652, 654 (Tex. App.--San
Antonio 1991, orig. proceeding). The findings enable the appellate court to review the order in
light of the facts found by the trial court. Without the findings required by Rule 13, effective
review of the sanctions is unavailable because the sanctioned party would be unable to overcome
the presumption that the trial court found necessary facts in support of its judgment. The
requirement that the trial court state in its order the particulars of the good cause found for
imposing sanctions is mandatory. Id. 

 The trial court recited its findings in the sanction order as Rule 13 requires. We
hold that when the trial court has set forth in a Rule 13 sanction order its "good cause" finding
and the particulars in support of the "good cause" finding, the rules relating to findings of fact and
conclusions of law do not impose a duty on the trial court to make and file separate or additional
findings of fact or conclusions of law. In such circumstances, Rule 13 specifically governs the
requirements for findings in support of the sanction order. See generally Cooks v. City of
Gladewater, 808 S.W.2d 710, 714 (Tex. App.--Tyler 1991, no writ) (rules 296-299, setting forth
requirements for findings of fact and conclusions of law by trial court inapplicable to venue
hearings; rules specifically applicable to venue hearings govern). Accordingly, the trial court did
not err in failing to make findings of fact and conclusions of law pursuant to Gilleland's request
and notice. We overrule point of error eight.



C. Sufficiency of Evidence To Support Findings in the Sanction Order

 We construe Gilleland's points of error thirty-eight through forty-eight to challenge
the sufficiency of the evidence to support the trial court's findings recited in its sanction order. 
We do not reach the merits of Gilleland's sufficiency-of-the-evidence complaints because he has
provided only a partial statement of facts from the sanction hearing. The record reflects that the
signed copy of the statement of facts from the October 24 hearing admitted into evidence as
defendant's exhibit 1 is not a part of the record on appeal. Gilleland has not filed a motion for
leave to supplement the statement of facts to include the defendant's exhibit 1 admitted into
evidence at the sanctions hearing. The appellant bears the responsibility to bring forward a
sufficient record to show error requiring reversal. Tex. R. App. P. 50(d). With only a partial
statement of facts before us, we must presume that the evidence supports the court's findings. 
Englander Co., Inc. v. Kennedy, 428 S.W.2d 806, 806 (Tex. 1968). Accordingly, we overrule
points thirty-eight through forty-eight.

 In point of error forty-nine Gilleland asserts the trial court erred as a matter of law
in its order for sanctions when it dismissed his cause with prejudice pursuant to Rule 13 because
"the word `frivolous' does not even appear in Rule 13!" A trial court's decision to impose
sanctions will not be overturned on appeal unless an abuse of discretion is shown. See GTE
Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 730 (Tex. 1993, orig. proceeding). 

 Ordinarily, when an appellant alleges that the trial court erred "as a matter of law,"
he challenges the legal sufficiency of the evidence to support a finding on which he had the burden
of proof. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). Here, Gilleland
is not attacking the sufficiency of the evidence to support the trial court's finding. Rather, it
appears that he is arguing that Rule 13 does not provide that sanctions may be imposed for
"frivolous" pleadings. This argument presents a question of law. 

 Rule 13 provides that sanctions may be imposed for "good cause," the particulars
of which must be stated in the sanction order. Tex. R. Civ. P. 13. The rule then provides,
"`Groundless' for purposes of Rule 13 means no basis in law or fact and not warranted by good-
faith argument for the extension, modification, or reversal of existing law." Id. Although the rule
does not enumerate the particulars on which a good-cause finding must rest, the particulars of a
good-cause finding must reflect that the pleading is groundless. See Tanner, 856 S.W.2d at 730
(papers cannot serve as basis for Rule 13 sanctions unless papers are groundless as defined by
Rule 13). We do not think that the term "groundless" must appear in the order, so long as the
particulars reflect that the pleading has no basis in law or fact and is not warranted by good faith
argument for the extension, modification, or reversal of existing law.

 The trial court made the following finding in its sanction order:



(1) That "Relator's Objection to Fraudulent [']Statement of Facts'"and "Relator's
Motion for Court Order Compelling Court Reporter Cynthia B. Alvarez to Prepare
a Non-Fraudulent Transcript and file Exhibits with the District Clerk" were
frivolous on their face because the court reporter properly characterized the
transcription of the trial as a "statement of facts" and because the court reporter's
role is to record what actually transpires at trial, not what Relator wanted to
transpire. (7)



A pleading is "frivolous" when it is clearly insufficient on its face, and does not controvert the
material points of the opposite pleading and is presumably interposed for mere purposes of delay
or to embarrass the opponent. A claim or defense is frivolous if a proponent can present no
rational argument based upon the evidence or law in support of that claim or defense. See Black's
Law Dictionary 668 (6th ed. 1990) (definition of "frivolous"). Thus, the trial court's finding that
Gilleland's objection to the statement of facts and motion to compel was frivolous reflects that it
is either insufficient on its face and interposed to delay or harass, or that Gilleland presented no
rational argument based on the evidence or law to support his claim that the statement of facts was
fraudulent. We think that under either meaning, the trial court's particulars sufficiently reflect
that Gilleland's two pleadings were "groundless" for purposes of Rule 13. Thus, the trial court
did not err in its order simply because the word "frivolous" is not found in Rule 13. We overrule
point of error forty-nine.



D. Imposition of Death-Penalty Sanctions

 In his second point of error, Gilleland complains that the trial court erred in that
its dismissal for sanctions prevented decision on the merits. He argues that sanctions, if any,
should have been imposed upon judgment and final disposition of the case, not as a bar to his suit. 
Thus, he argues, his due-process rights under Texas Constitution article I, section 19 were denied. 
The record reflects that Gilleland did not present this state constitutional argument to the trial
court. The failure to raise a constitutional argument in the trial court waives the claim on appeal. 
Tex. R. App. P. 52(a); Walker v. Employees Retirement Sys., 753 S.W.2d 796, 798 (Tex.
App.--Austin 1988, writ denied). However, in his argument under this point of error, Gilleland
cites Societe Internationale v. Rogers, for the proposition that "there are constitutional limitations
upon the power of courts, even in aid of their own processes, to dismiss an action without
affording a party the opportunity for a hearing on the merits of his cause." Societe Internationale
v. Rogers, 357 U.S. 197, 209-10 (1958) (analyzing Fed. R. Civ. P. 37 in light of due-process
provisions of Fifth Amendment). See also Transamerican Natural Gas v. Powell, 811 S.W.2d
913, 918 (Tex. 1991). In his motion for rehearing, Gilleland raised the complaint that the trial
court's dismissal of his mandamus cause denied him his Fourteenth Amendment due-process
rights. He has adequately preserved a complaint alleging that his federal due-process rights were
violated. Accordingly, we construe this point to complain that the trial court abused its discretion
in imposing death-penalty sanctions because this imposition violated Gilleland's federal due-process rights. See O'Neil v. Mack Trucks, Inc., 542 S.W.2d 112, 114 (Tex. 1976) (rule of
liberal construction applies to points in appellant's brief; merits of error will be passed on in light
of statement and arguments).

 As a preliminary matter, we must determine whether Rule 13 sanctions may be
imposed against Gilleland under any circumstances in light of Tanner. See Tanner, 856 S.W.2d
at 730 (Rule 13 applies only to pleadings, motions, and other papers signed by attorneys). In
Tanner, the district court imposed Rule 13 sanctions against a defendant corporation based in part
on the court's conclusion that the defendant corporation's motion for summary judgment, amended
answers, and affidavits in support of its motion for summary judgment were groundless and
brought in bad faith in violation of Rule 13. Id. at 728. The supreme court held that the district
court abused its discretion in basing Rule 13 sanctions on the affidavits, because they had been
signed by the defendant's employees and not the defendant's attorneys. Id at 730. 

 We think Tanner distinguishable here because Gilleland represents himself. See
Tex. R. Civ. P. 7. In doing so, he is held to the same standard that would apply to an attorney
representing him, including compliance with applicable procedural rules. See Stein v. Frank, 575
S.W.2d 399, 401 (Tex. Civ. App.--Dallas 1978, no writ), cert. denied, 450 U.S. 990 (1981). 
Accordingly, if he violates the rules, he is subject to the same sanctions that would apply to an
attorney representing him.



 1. Standard of Review

 Sanctions may be imposed for violation of Rule 13 in the manner provided by Rule
215(2)(b). Tex. R. Civ. P. 13. The choice of sanctions is for the trial court to determine, and
so long as the sanctions are within the authority vested in the trial court they will not be
overturned unless they constitute a clear abuse of discretion. See Tanner, 856 S.W.2d at 730;
Transamerican, 811 S.W.2d at 917. Rule 13 requires that the sanction imposed be "appropriate,"
which is the equivalent of "just" under Rule 215. Tanner, 856 S.W.2d at 731. Whether an
imposition of sanctions is just is measured by determining: (1) whether a direct relationship exists
between the offensive conduct and the sanctions imposed; and (2) whether the sanctions are
excessive--Does the punishment fit the crime? Transamerican, 811 S.W.2d at 917. 

 Additionally, the imposition of sanctions is limited not only by the Transamerican
analysis, but by constitutional requirements of due process. Due process limits the imposition of
the severe sanction of dismissal to extreme circumstances in which the deception relates to the
matter in controversy and prevents its imposition merely for punishment of an infraction that did
not threaten to interfere with the rightful decision of the case. See United States Fidelity &
Guaranty Co v. Rossa, 830 S.W.2d 668, 673 (Tex. App.--Waco 1992, writ denied).



 2. Scope of Review

 In the sanction context, an appellate court is not limited to the evidence that
supports the trial court's findings; rather the court makes an independent inquiry of the entire
record to determine if the court abused its discretion in imposing the sanction. Id. at 672. We
presume a trial court is familiar with the entire record of a case up to and including the motion
under consideration. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985),
cert. denied, 476 U.S. 1159 (1986). 



 3. Discussion

 The trial court's order recites that it found good cause to grant the motion for
sanctions. The order recites the following specific findings:



(1) That "Relator's Objection to Fraudulent [']Statement of Facts'"[sic] and
"Relator's Motion for Court Order Compelling Court Reporter Cynthia B. Alvarez
to Prepare a Non-Fraudulent Transcript and file Exhibits with the District Clerk"
were frivolous on their face because the court reporter properly characterized the
transcription of the trial as a "statement of facts" and because the court reporter's
role is to record what actually transpires at trial, not what Relator wanted to
transpire;


(2) That Relator's statement of the intent to call as witnesses the Judge presiding
over the hearing about which Relator complains, the official court reporter who
presided at the hearing, and the lawyer for the Respondent at the hearing is as a
matter of law frivolous and simply an effort to harass the Judge, the court reporter,
and the attorney;


(4) That Ms. Alvarez complied with her official duties in preparing the
transcription and that counsel for Respondent was not aware that Relator had
requested a transcription and did not seek to influence Ms. Alvarez' preparation
of the statement of facts;


(5) That Relator's frivolous objection and motion caused Respondent to prepare
a response to the frivolous motion and to prepare for and attend the hearing held
on February 27, 1992. (8)



 The order then recites:



IT IS THEREFORE ORDERED that Relator's pleadings and "Relator's Motion
for Court Order Compelling Court Reporter Cynthia B. Alvarez to Prepare Non-Fraudulent Transcript and File Exhibits with District Clerk" and "Relator's
Objection to Fraudulent Statement of Facts" and all other motions filed by Relator
in this cause are hereby stricken as a sanction under Texas Rule of Civil Procedure
13 and Relator's cause is dismissed with prejudice.



We have only a partial statement of facts from the sanctions hearing; therefore, we presume that
the evidence supports the trial court's findings. Englander, 428 S.W.2d at 806. From the trial
court's findings, it is apparent that the abuses against which sanctions should be directed are the
filing of the two frivolous pleadings and the efforts to call Judge Hart, attorney Riggs, and the
court reporter as witnesses for the hearing set for March 12 on the two frivolous pleadings. The
prejudice to be remedied is the resulting burden on Sheppard to prepare a response to the frivolous
pleadings, the prejudice or burden from Gilleland's efforts to call the three as witnesses, and the
burden to attend the sanctions hearing.

 In his argument under this point, Gilleland fails to urge that sanctions are
unwarranted or that they are not directed against his abuses and toward remedying any prejudice
he caused Sheppard. See Transamerican, 811 S.W.2d at 917. Rather, he argues that he was
denied due process because dismissal prevented decision on the merits of his mandamus action
and should have been imposed upon judgment and final disposition of the case, not as a bar to
same. Thus, our inquiry centers on the second prong of the Transamerican test; are the sanctions
excessive?

 Sanctions must fit the crime. Neither Rule 13 nor Rule 215 allows imposition of
excessive sanctions. Moreover, while the due-process concerns under the two rules are not
completely congruent, case determinative sanctions may not be imposed under either rule unless
the violation warrants adjudication of the merits. Tanner, 856 S.W.2d at 731. Even if a violation
of Rule 13 is shown, the trial court should determine whether the violation can be fully redressed
short of striking a party's pleadings. Id; see also Transamerican, 811 S.W.2d at 917 (courts must
consider availability of less stringent sanctions and whether such lesser sanctions would fully
promote compliance with the rules).

 Even though we assume the trial court considered the lesser sanction of striking
only the two frivolous pleadings, based on its oral pronouncement to this effect, the trial court's
order does not state either that this lesser sanction would have been ineffective or why it was
ineffective. See Tanner, 856 S.W.2d at 729 (reviewing court refused to defer to trial court order
stating lesser sanctions ineffective in absence of explanation or evidence in record explaining why
lesser sanctions were ineffective). Nor does the order reflect that other lesser sanctions, such as
a monetary sanction, would be ineffective to promote compliance or fully redress Gilleland's
violations. See id. at 729-30. 

 Additionally, this was Sheppard's first motion for sanctions. Case-determinative
sanctions may be imposed in the first instance only in exceptional cases when they are clearly
justified and it is fully apparent that no lesser sanction would promote compliance with the rules. 
Id. at 729.

 We do not condone Gilleland's conduct nor do we think it should go unpunished. 
However, the order in this case does not state that lesser sanctions would have been ineffective
to promote Gilleland's compliance with the rules. Nor does the order reflect that Gilleland's
abuses present "extreme circumstances" warranting death-penalty sanctions. Accordingly, we
hold that the trial court abused its discretion in imposing sanctions striking Gilleland's pleadings
and dismissing his cause with prejudice. We sustain point of error two. In light of our
disposition of point of error two, we need not address Gilleland's remaining points of error five
through seven and nine through thirty-four. 




CONCLUSION


 The trial court's order dismissing Gilleland's cause with prejudice is reversed and 

the cause is remanded to the trial court for proceedings consistent with this opinion. 



Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: November 3, 1993

Do Not Publish
1. [1] Former section 575.9 provided, in pertinent part:


Upon receipt of a complaint or other pleading, which is intended to institute
a contested proceeding before the board and complies with these sections
as to form and content, the board secretary shall cause to be docketed the
same as a pending proceeding and shall cause notice to be served thereon
by personal service or registered mail.


2. [2] Apparently, Gilleland did not understand that the "statement of facts" is a transcription of
the testimony presented at the hearing accompanied by exhibits admitted into evidence. This is
reflected in his objection to the statement of facts in which he complains that he never requested
a "statement of facts," but rather a "transcript of the evidence as presented at the 24 October 1991
Hearing." 
3. [3] It does not appear that the trial court intended its March 16 order as a new judgment. The
parties apparently believed that the sanction order did not affect the March 12 setting on
Gilleland's objection to the statement of facts, motion to compel, and objection to the groundless
and motionless reopening of the case. On March 12, Gilleland and Sheppard's counsel, Jennifer
Riggs, appeared before the trial court; Gilleland requested the judge to initiate the hearing on the
March 12 setting, despite the fact that the sanction order struck the objections and motion for
which the hearing had been set. The trial judge "overruled" Gilleland's two objections and
motion. Gilleland then requested that the trial court strike the setting on which the hearing had
just been held. 


The March 12 hearing was not pursuant to a motion for new trial or a motion to modify, vacate,
correct, or reform the sanction order. Tex. R. Civ. P. 324, 329b. The trial court did not set
aside the sanction order and did not reserve in the sanction order authority to change or modify
the order in any way. Accordingly, we treat the February 27 sanction order as the final judgment
in this cause. 
4. [4] In his objection to the "fraudulent" statement of facts one of Gilleland's complaints was that
the court reporter never filed the hearing exhibits from the October 24 hearing. 
5. [5] The record reflects that at the sanctions hearing Gilleland introduced into evidence as an
exhibit a motion for continuance seeking to postpone the sanctions hearing until after the
scheduled March 12 hearing. Following Sheppard's objection to the motion for continuance, the
trial court refused to go forward with it stating:

 

The record should reflect . . . Mr. Gilleland has failed to comply with the
proper Rules of Civil Procedure for notice, and his motion for continuance
is actually not even before me today in that no motion has been set for
today. And he has properly set a motion for a continuance on a date
subsequent to the hearing for which he's asking for a motion for
continuance on. And I'm not therefore going forward on any motion for
continuance since it's not brought properly before me today.


Gilleland did not assign error to the trial court's refusal to go forward on his motion for
continuance. See Tex. R. App. P. 74(d).
6. [6] Although Gilleland did not subpoena Riggs for the sanctions hearing, Gilleland called her
as a witness.
7. [7] Gilleland does not argue that the trial court failed to point out with particularity the acts or
omissions on which sanctions are based. See Zarsky v. Zurich Management, Inc., 829 S.W.2d
398, 399 (Tex. App.--Houston [14th Dist.] 1992, no writ). 
8. [8] The trial court declined to make findings three and six submitted in Sheppard's proposed
order. The trial court's findings are shown with their original numeric designation.