# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00285-CV

**William Craig Riley, Appellant**

**v.**

**Gary J. Cohen, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-07-004154, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

William Craig Riley appeals a district court judgment awarding Gary J. Cohen $8,600 in attorney's fees and expenses that Cohen incurred in defending a lawsuit Riley had filed against him. The judgment recites that it is based upon a motion for sanctions Cohen filed "under Rule 13 of the Texas Rules of Civil Procedure and Chapter 9 of the Texas Civil Practice and Remedies Code." The judgment also incorporates the finding "that Plaintiff's claims against Gary J. Cohen were groundless and brought for purposes of harassment," but does not otherwise elaborate on the basis for the sanctions. In a single issue, Riley argues that the district court abused its discretion in failing to state in its judgment "the particulars" of the "good cause" it found for sanctions, as required by rule 13 of the rules of civil procedure. Tex. R. Civ. P. 13 ("No sanction under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction

order."). Riley invokes the line of cases holding that rule 13's particularity requirement is mandatory and that noncompliance constitutes harm and reversible error.[1]

However, the judgment, on its face, also purports to be based on chapter 9 of the civil practice and remedies code. Riley does not challenge this alternative ground that could support the judgment.[2] Because Riley has waived any complaint with this ground for the judgment, we affirm.[3] *See, e.g.*, *Texas Dep't of Human Res. v. Orr*, 730 S.W.2d 435, 436 (Tex. App.—Austin 1987, no writ) ("Should a judgment rest upon more than one ground, the party aggrieved by the judgment must assign error as to each such ground or risk having the judgment affirmed on the ground to which no error was assigned."); *see also In Re Hansen*, No. 05-06-00585-CV, 2007

---

[1] *See, e.g.*, *Rudisell v. Paquette*, 89 S.W.3d 233, 237 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Thomas v. Thomas*, 917 S.W.2d 425, 432 (Tex. App.—Waco 1996, no writ); *Friedman & Assocs., P.C. v. Beltline Rd., Ltd.*, 861 S.W.2d 1, 2-3 (Tex. App.—Dallas 1993, writ dism'd by agr.); *GTE Commc'ns Sys. Corp. v. Curry*, 819 S.W.2d 652, 654 (Tex. App.—San Antonio 1991) (orig. proc.)); *Murphy v. Friendswood Dev. Co.*, 965 S.W.2d 708, 709-10 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *see also Schexnider v. Scott & White Mem'l Hosp.*, 953 S.W.2d 439, 441 (Tex. App.—Austin 1997, no writ) (observing that rule 13 sanctions order stating only that offending party's pleadings were "groundless and brought . . . in bad faith and brought for the purpose of harassment" was "erroneous on its face," and that such error precluded "meaningful appellate review" because "'the sanctioned party [is] unable to overcome the presumption that the trial court found necessary facts in support of its judgment'" (quoting *GTE Commc'ns Sys. Corp.*, 819 S.W.2d at 654), but holding that complaint was not preserved). Here, Riley preserved his complaint in a post-trial motion to modify the judgment. *Cf. id.* (citing *Land v. AT & S Transp., Inc.*, 947 S.W.2d 665, 666-67 (Tex. App.—Austin 1997, no writ)).

[2] We also observe that, as Cohen emphasizes, chapter 9 does not contain a particularity requirement like rule 13.

[3] Although Riley, who is incarcerated, has proceeded *pro se* at all stages of this case, he is bound by the same procedural standards as parties represented by attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

Tex. App. LEXIS 2115, at *1-3 (Tex. App.—Dallas Mar. 20, 2007, no pet.) (mem. op.) (where sanctions ordered under rule 13 and chapter 10, and appellant only complained of order under rule 13, any error was harmless because "the unchallenged independent ground fully supports the complained-of ruling").

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   February 19, 2009